UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SABRINA,<br><br>      Plaintiff,<br><br>  v.<br><br>ASSOCIATED BANC-CORP et al.,<br><br>      Defendants. | Case No. 3:23-cv-3048-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Motion for Reconsideration. (Doc. 39). The Plaintiff filed the Motion on December 29, 2023. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the Motion.

The Plaintiff filed a complaint on September 8, 2023. (Doc. 1). The complaint went through multiple amendments but was ultimately dismissed for lack of jurisdiction. The Plaintiff has now moved to reconsider that order and vacate judgment. (Doc. 39).

The Court construes Sabrina's motion to be under Federal Rule of Civil Procedure 59(e) since he mailed it within 28 days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705,

709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709. The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In the motion, Sabrina points to no newly discovered material evidence, intervening changes in the controlling law, or manifest error of law or fact. Sabrina simply disagrees with the conclusion and asks that the Court "forgive" the lack of subject matter jurisdiction. Without jurisdiction, this Court has no authority to hear this case. The Court does not have jurisdiction and Sabrina does not advance any additional arguments for subject matter jurisdiction.

## CONCLUSION

For this reason, the Court **DENIES** Sabrina's motion for reconsideration (Doc. 39). If Sabrina wishes to appeal the judgment in this case or this decision, Sabrina must file a notice of appeal with this Court within 60 days of entry of this order. Fed. R. App. P. 4(a)(1)(B) & 4(a)(4).

**IT IS SO ORDERED.**
**DATED:  August 29, 2024**

                                                   *s/ J. Phil Gilbert*
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**